# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| VANTENZA COATS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:12-cv-1073-VEH-TMP |
| | ) |
| MARTY FARMER, SHIRLEY | ) |
| SMITH, and BECKY COLLEY | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a *pro se* prisoner case brought pursuant to 42 U.S.C. § 1983. According to his amended complaint, on August 16, 2011, Officers Marty Farmer, Shirley Smith, and Becky Colley subjected him to excessive force while he was incarcerated at the St. Clair County Jail.[1]

The magistrate judge filed a report and recommendation on June 17, 2015, recommending that the special report filed by these defendants be construed as a motion for summary judgment and, as such, that it be granted and the claims against all of them be "DISMISSED WITHOUT PREJUDICE due to plaintiff's failure to exhaust the administrative remedies available to him." (Doc. 27 at p. 17)(emphasis in original). All parties were specifically notified of their respective rights to object

---

[1] Plaintiff also alleged claims for false imprisonment and denial of equal protection, but those claims were dismissed by the court on April 22, 2014. *See* Doc. 13.

to that recommendation and the time limit for doing so. Doc. 27 at pp. 17-18. However, no objections were filed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED** as follows. The Court **EXPRESSLY FINDS** that plaintiff failed to exhaust his administrative remedies and that dismissal without prejudice is therefore appropriate.[2] An appropriate order will be entered separately.

**DONE** this the 7th day of July, 2015.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[2] Accordingly, the undersigned does not reach the merits of plaintiff's excessive force and failure to provide adequate medical care claims. However, were I to do so, I would have to point out that I disagree with the portion of the R&R that states that keeping handcuffs on a prisoner inside a holding cell for 48 hours is not "an objectively serious deprivation." (R&R, doc. 27 at p. 15). I agree, however, that there is no evidence that these defendants violated any policy by not removing plaintiff's handcuffs, or that they knew that this plaintiff would likely remain in handcuffs for the next 48 hours. Further, plaintiff does not allege that he was not checked on or did not receive food during this 48 hour period (and his handcuffs would have been obvious to any guard who interacted with him); yet he does not complain that these defendants interacted with him during this period but failed or refused to take off his handcuffs. So, I would agree on the merits that his complaints related to the handcuffs are due to be dismissed as to these defendants. (*Id*.).